**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kenneth Vann LEARY, Defendant–Appellant.**

No. 03–4285.

United States Court of Appeals, Fourth Circuit.

Submitted Nov. 12, 2003.

Decided Jan. 21, 2004.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Jeanette Doran Brooks, Research and Writing Attorney, Raleigh, North Carolina, for Appellant.

Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Before WILLIAMS, TRAXLER, and SHEDD, Circuit Judges.

PER CURIAM.

Affirmed by unpublished per curiam opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

Kenneth Vann Leary appeals his convictions for two counts of possessing a firearm while under a protective order, in violation of 18 U.S.C. § 922(g)(8) (2000).[1] In order to obtain a conviction under § 922(g)(8), the government must prove that the protective order "was issued after a hearing of which [the defendant] received actual notice, and at which [the defendant] had an opportunity to participate." Leary contends that the district court erred in refusing to permit him to introduce evidence tending to show that he was not given an opportunity to participate at the hearing that preceded issuance of the protective order. We review the district court's decision to exclude evidence for abuse of discretion. *See United States v. Young*, 248 F.3d 260, 266 (4th Cir.2001).

It is undisputed that Leary was given actual notice of a "Hearing on Domestic Violence Protective Order." Leary was further on notice that the purpose of this hearing was to determine whether an *ex parte* domestic violence protective order issued against him should continue in effect. It is also undisputed that Leary was present at that hearing and represented by counsel. Nevertheless, Leary took the position at trial – and argued to the jury – that he had not been given an opportunity to participate in that hearing. Specifically, Leary proffered the testimony of Carol Mobley, who attended the hearing and stated that domestic violence issues were not discussed.[2]

---

1. Leary was also convicted of making a false statement in the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6), but he does not challenge that conviction on appeal.

2. The only other evidence proffered by Leary on this point was an order that is not specifi-

cally described in the record. The district court excluded that order as irrelevant. We do not consider this proffered evidence because it is not identified in Leary's brief, nor is it included in the joint appendix.

Assuming that the district court actually excluded Mobley's testimony,[3] we conclude that the district court did not abuse its discretion. Although Mobley would have testified that no one discussed domestic violence at the hearing, that testimony does not tend to prove that Leary was not afforded an opportunity to participate at the hearing. Leary was on notice that the hearing would determine whether a domestic violence protective order would continue in effect. He attended the hearing and was represented by counsel. Leary offered no evidence to establish that he or his counsel was prevented from discussing issues relevant to the protective order.

We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[3]. It is not clear from the record that the district court's ruling swept as broadly as defense counsel understood it. We assume, however, that defense counsel's perception of the order is correct.